UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NUBIA PETERS,                                        :

               Plaintiff,                        :
                                             ORDER
       -v.-                                      :
                                      22 Civ. 6287 (VEC) (GWG)
CBS VIACOM,                                          :

               Defendant.                       :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      This Order addresses the parties' motions to seal at Docket ## 76, 89, 100, 102, and 105.

      Each motion seeks sealing of documents submitted as part of the briefing on defendant's motion for summary judgment. A strong presumption of access attaches to these documents. See Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (observing that "it is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment'") (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006)). Given this strong presumption, "sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. (quoting Lugosch, 435 F.3d at 124).

      The party seeking sealing has the burden of overcoming the presumption. United States v. Amodeo, 44 F.3d 141, 148 (2d Cir. 1995); accord United States v. Buff, 2024 WL 4262956, at *3 (2d Cir. Sept. 23, 2024).

      We now consider each motion to seal against this backdrop.

Docket # 76

      In Docket # 76, defendant requests permission to redact plaintiff's "medical information" and "certain financial information regarding the costs of producing an episode of Billions" from its opening brief including its attachments (Docket # 77). Id. at 1. Plaintiff joins in the request to redact "further medical information of mine." Docket # 88 at 1.

      The medical information at issue largely relates to plaintiff's allergies. Plaintiff disclosed the existence of her allergies, if not the details of these allergies, in her amended complaint. See Docket # 36. In fact, she attached an unredacted medical record to her amended complaint, see id. at *24-25, which defendant now wishes to redact in full, see Docket # 77-4. Because plaintiff

filed her own medical record, she has waived her privacy interest in this information.  See Marciano v. Adams, 2023 WL 3477119, at *2 n.3 (2d Cir. May 16, 2023) ("Even assuming that [plaintiff] has a right to privacy regarding his COVID-19 vaccination status that could justify keeping that information under seal, [plaintiff] has waived that right by alleging in his (unsealed) complaint that, at the time of its filing, he was not vaccinated.").  In any event, plaintiff has explicitly told the Court, "I am fine with having my medical information that is already public remain public."  Docket # 88 at 1.  "[C]ourts routinely deny sealing requests where, as here, the information to be sealed is already publicly available."  Grossberg v. Fox Corp., 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) (collecting cases).

However, not all of the medical information defendant wishes to redact is already publicly available: in particular, deposition testimony regarding plaintiff's allergies.  See Docket # 77-5.  But because defendant "fail[s] to provide document-level justifications" for the redactions it requests, we "cannot make 'specific, on-the-record findings that higher values necessitate a narrowly tailored sealing.'"  Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., 2024 WL 5076424, at *2 (S.D.N.Y. Dec. 11, 2024) (quoting Lugosch, 435 F.3d at 126).

Defendant's request to redact "certain financial information regarding the costs of producing an episode of Billions" is similarly infirm.  Docket # 76 at 1.  While "courts may deny access to records that are sources of business information that might harm a litigant's competitive standing," the party seeking sealing "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."  In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (citation and internal quotation marks omitted).  Defendant's application at Docket # 76 lacks any such demonstration.

Accordingly, the motion to seal at Docket # 76 is denied. As explained below, the Court will order that Docket ## 77, 77-1, 77-2, 77-3, 77-4 (but not 77-5) be unsealed.

Docket # 89

In Docket # 89, plaintiff requests permission to redact or seal "a letter from her treating therapist."  Id. at 1.  Three versions of the letter are filed under seal (Docket ## 90-92), with one version showing seemingly random proposed redactions (Docket # 92).  In the briefing on the motion for summary judgment, neither party relied on the letter.  Accordingly, a somewhat weaker presumption of access attaches to the letter inasmuch as it was not for any practical purposes "used" by the parties. Lugosch, 435 F.3d at 123 (citation and internal quotation marks omitted).  We also recognize that "a plaintiff maintains significant privacy rights to her medical information." Valentini v. Grp. Health Inc., 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Given the irrelevance of the letter to the issues raised at the summary judgement stage of this case, plaintiff's application to seal this letter is granted.

Docket # 100

In Docket # 100, plaintiff seeks to redact excerpts from the transcript of her deposition (which appear in Docket # 99 at *51-52), seemingly on the basis that defendant designated them

2

as confidential.  See Docket # 100 at 1.  However, "[c]onfidentiality agreements alone are not an adequate basis for sealing."  Metcalf v. TransPerfect Translations Int'l, Inc., 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (citing Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd., 2021 WL 3540221, at *2 (S.D.N.Y. Aug. 11, 2021)).  Plaintiff supplies no other reason why these excerpts should be sealed.  Docket # 100 is therefore denied, and Docket # 99 thus must be unsealed, subject to the redactions specified below.

The Court also notes that plaintiff filed her opposition to defendant's motion for summary judgment under seal, see Docket # 96, but it does not appear that she moved for sealing of this filing.  Accordingly, her opposition (Docket # 96) must be unsealed.

Docket # 102

Much like Docket #76, defendant's application at Docket #102 concerns redaction of plaintiff's "medical information" and "certain financial information regarding the costs of producing an episode of Billions," id. at 1, in defendant's reply brief (Docket # 103).  Docket # 102 is denied for the same reasons as Docket # 76.

In Docket # 102, defendant also requests permission to redact "other individuals' medical information," id. at 1 — presumably referring to COVID-19 vaccination exemptions granted to a "video playback technician" and a "craft services employee," see Docket # 103 at 19-20, both of whom are unnamed.  Because these third parties are already anonymized, redaction is not necessary to protect their privacy.  Cf. Alexander v. Azar, 396 F. Supp. 3d 242, 253-54 (D. Conn. 2019) (where filing did not include patient's "name or other identifiable information," sealing was not "necessary to protect the unnamed patient's privacy").

Docket # 105

In Docket # 105, defendant seeks to redact portions of the transcript of plaintiff's deposition regarding an individual whom she claims contracted COVID-19.  See id. at 1; Docket # 106.  "[T]he privacy interests of innocent third parties . . . should weigh heavily" in a court's consideration of a motion to seal.  Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).  But defendant's proposed redactions, see Docket # 106, sweep too far, as it seeks redactions of information beyond the individual's name.  See Rowe v. Google LLC, 2022 WL 4467628, at *4 (S.D.N.Y. Sept. 26, 2022) (ordering redaction of third parties' names but not "other information broader than necessary to preserve anonymity").

Accordingly, defendant shall file the transcript at Docket # 106, redacting only the individual's name at p. 161, lines 20 and 21; p. 162, line 18; p. 163, line 6; p. 164, lines 11, 17, and 22; and p. 165, line 5.

Because the individual's name also appears in Docket ## 77-5 and 99, defendant shall file these documents publicly with the name of the individual redacted.  Specifically, defendant is directed to publicly file the transcript at Docket # 77-5, redacting the individual's name at p. 171, line 17.  Defendant is directed to publicly file Docket # 99, redacting the individual's name at p. 161, lines 20 and 21, p. 162, line 18; p. 163, line 6; p. 164, lines 11, 17, and 22; and

3

p. 165, line 5.

These documents shall be filed as an attachment to a letter that is publicly filed on the ECF system.

Summary of Rulings

The motion to seal appearing as Docket # 89 is granted. The motion to seal appearing as Docket # 105 is granted in part. The motions to seal appearing as Docket ## 76, 100, and 102 are denied.

Within 7 days, defendant is directed to publicly file as attachments to a letter Docket ## 77-5, 99, and 106 with the limited redactions described above.

The Court intends to issue an order directing that the filings at Docket ## 77, 77-1, 77-2, 77-3, 77-4, 96, and 103 be unsealed. The Court will delay issuance of this Order for a period of 7 days to allow for an expedited motion for reconsideration should there be a basis for such a motion.

SO ORDERED.

Dated:  June 3, 2026
        New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

4