UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NUBIA PETERS,                                            :

               Plaintiff,                             :

                                              ORDER
      -v.-                                                    :
                                      22 Civ. 6287 (VEC) (GWG)

CBS VIACOM,                                             :

               Defendant.                           :
----------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

     Defendant has filed a motion for reconsideration (Docket # 111) of the Court's Order of June 3, 2026 (Docket # 110), which addressed several sealing applications from the parties. Specifically, defendant asks the Court to maintain two documents under seal, one appearing at pages 3-12 of Docket # 77-3, and the other at pages 1-2 of Docket # 99. See Docket # 112 at 1. An application for reconsideration was invited by the Court's Order of June 3, 2026. See Docket # 110 at 4.

     The Court previously declined to seal pages 3-12 of Docket # 77-3 because defendant had not made "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." Id. at 2 (quoting In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). The materials at issue consist of "granular, non-public details relating to the breakdown of costs for the relevant Billions episode." Docket # 112 at 2. Defendant now explains that disclosure of these materials "would give third parties insight into Defendant's historical production spending," which "could be used against Defendant in negotiating future productions." Id. at 3. We accept that this explanation shows the requisite injury to warrant protection.

     The Court previously declined to seal pages 1-2 of Docket # 99, which list "individuals who requested exemptions from Defendant's COVID-19 vaccination requirement on Billions and the outcomes of those requests," id., on the ground that "these third parties are already anonymized," Docket # 110 at 3 (citing Alexander v. Azar, 396 F. Supp. 3d 242, 253-54 (D. Conn. 2019)). Defendant argues that "redacting names does not eliminate the risk of harm here: public disclosure could still invite inferences about non[-]parties' vaccination status and medical-accommodation requests based on the detailed information visible from the chart." Docket # 112 at 3-4. In fact, there is scant detail on pages 1-2 of Docket # 99, and the Court thus declines to credit defendant's assertion that every piece of information must be redacted. Instead, the Court will permit defendant to redact information in the "Date of Request" and "Religion" columns on pages 1-2 of Docket # 99, except in the row that pertains to plaintiff, to ensure that there is no realistic chance of identifying the third parties.

Defendant's motion for reconsideration is otherwise denied.

Conclusion

Plaintiff has not moved for reconsideration of the Court's Order of June 3, 2026.  As a result, and for the reasons stated in that Order, the Court directs the Clerk to unseal the filings at Docket ## 77, 77-1, 77-2, 77-4, 96, and 103, making them viewable by the public.

Defendant's motion for reconsideration (Docket # 111) is granted in part and denied in part as set forth above.  Defendant shall within 7 days publicly file the documents at Docket ## 77-3, 77-5, and 99 with the redactions identified by the Court in the Order of June 3, 2026 and in this Order.

SO ORDERED.

Dated:  June 23, 2026
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2