UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/2026

---------------------------------------------------------X
NUBIA PETERS,

Plaintiff,

-against- Case No. 22-CV-6287 (VEC) (GWG)

VIACOMCBS INC. (n/k/a PARAMOUNT GLOBAL),

Defendant.
---------------------------------------------------------X

PLAINTIFF'S LETTER MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS 29, 32, AND 33

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Caproni:

Plaintiff Nubia Peters, proceeding pro se, respectfully moves for an order restricting public access to the following docket entries:

Doc. 29, page 1;
Doc. 32, page 1; and
Doc. 33, page 1.

The identified pages contain highly sensitive private personal and family information concerning Plaintiff's family circumstances and related travel. The information for which Plaintiff seeks protection is not material to Plaintiff's claims, Defendant's defenses, or the merits of this action.

Public access to these pages is not necessary to the public's understanding of this case. Continued public disclosure would unnecessarily expose private family circumstances and would create an unwarranted intrusion on Plaintiff's and her

family's privacy.

This request is narrowly tailored. Plaintiff seeks restricted public access only to Doc. 29, page 1; Doc. 32, page 1; and Doc. 33, page 1. Plaintiff does not seek to restrict access to any merits-related filing or to any other portion of the docket.

Redaction is not an adequate alternative because the sensitive information is intertwined with the limited content of the identified pages. Even with selected words or phrases redacted, the remaining text would disclose or readily reveal the private nature of Plaintiff's family circumstances. Restricting public access to the three specified pages is therefore the least intrusive means of protecting the identified privacy interests.

On August 14, 2026, Plaintiff requested Defendant's position concerning this request and provided a response deadline of 5:00 p.m. Defendant had not responded as of the time of this filing.

Plaintiff respectfully requests that the Court restrict public access to Doc. 29, page 1; Doc. 32, page 1; and Doc. 33, page 1, while maintaining those pages as part of the Court record and available to the Court and the parties. Alternatively, Plaintiff requests such other narrowly tailored relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 14, 2026
New York, New York

/s/ Nubia Peters
Nubia Peters
Plaintiff Pro Se
Email: NUBIA007@gmail.com

CERTIFICATE OF SERVICE

I, Nubia Peters, certify that on August 14, 2026, I served a true and correct copy of Plaintiff's Letter Motion to Restrict Public Access to Documents 29, 32,

and 33 on Defendant's counsel by email.

Method of Service: Email

To:
Marjorie B. Kulak, Esq.
Kauff McGuire & Margolis LLP
Email: kulak@kmm.com

I confirm that this is the email address used by Defendant's counsel in this case.

Dated: August 14, 2026
New York, New York

/s/ Nubia Peters
Nubia Peters
Plaintiff Pro Se
Email: NUBIA007@gmail.com

Application GRANTED. The Clerk of Court is respectfully directed to restrict public access to docket entries 29, 32, and 33.

SO ORDERED. 8/31/2026

Valerie Caproni

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE